*AMENDED HLD-004                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4288
_____

IN RE:  NELSON HERNANDEZ,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Criminal No. 2:90-cr-00315-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 6, 2012
Before:  MCKEE, Chief Judge, ALDISERT and  BARRY, Circuit Judges

(Opinion filed:  March 26, 2013)
_____

OPINION
_____

PER CURIAM

Nelson Hernandez, a federal inmate currently incarcerated at USP Coleman in

Coleman, Florida and proceeding pro se, petitions for a writ of mandamus compelling the

District Court to rule on various motions he has filed relating to his criminal case.

Because Hernandez has not demonstrated that he is entitled to mandamus relief at this

time, we will deny his petition.

1

In 1991, following a jury trial, Hernandez was convicted of various drug trafficking offenses and was sentenced to life imprisonment by the District Court. We affirmed his judgment of conviction on direct appeal. See United States v. Hernandez, No. 91-1930, 970 F.2d 900 (3d Cir. June 22, 1992) (table decision). In 1995, Hernandez filed a motion pursuant to 28 U.S.C. § 2255, which was ultimately denied by the District Court following an evidentiary hearing regarding his claims of ineffective assistance of counsel. We affirmed the District Court's denial. See United States v. Hernandez, No. 97-1590, 156 F.3d 1226 (3d Cir. May 22, 1998) (table decision).

In July 2007, Hernandez filed a motion pursuant to Fed. R. Civ. P. 60(b), alleging that the Government lacked jurisdiction to request a sentence enhancement pursuant to 21 U.S.C. § 851(a). On January 19 and March 12, 2010, he filed motions for modification and reduction of his sentence pursuant to 18 U.S.C. § 3582(c). He filed motions to supplement his Rule 60(b) motion on March 21 and August 22, 2011. On April 30, 2012, Hernandez filed a motion requesting final resolution of these motions.

On November 26, 2012, Hernandez filed his present petition, seeking a writ of mandamus that would require the District Court to rule on his various motions filed since July 2007. On January 25, 2013, the District Court denied Hernandez's March 12, 2010 motion seeing a modification and reduction of his sentence pursuant to § 3582(c) and denied his January 19, 2010 § 3582(c) motion to the extent it relied upon an amendment to the United States Sentencing Guidelines other than Amendment 709.

Mandamus is a drastic remedy that is granted only in extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (internal citation and quotation omitted). To demonstrate that mandamus is appropriate, a petitioner must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted).

Here, Hernandez has not demonstrated that the writ is appropriate under the circumstances. Since he filed his petition, the District Court has ruled upon his § 3582(c) motions, and its order notes that Hernandez's remaining motions will be addressed by a separate order. We are confident that the District Court will act on these remaining motions in a timely manner.

For the foregoing reasons, we will deny the petition for a writ of mandamus. This denial is without prejudice to Hernandez's filing another petition if the District Court takes no action on his remaining motions within the next three month.

3